Filed 1/26/21  P. v. Wilbarn CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047537 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS102036B) |
| v. | |
| JOEL WILBARN, | |
| Defendant and Appellant. | |

Proposition 64 was approved by the voters in 2016 and is known as "the Control, Regulate and Tax Adult Use of Marijuana Act ('the Adult Use of Marijuana Act')." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016)[1] text of Prop. 64, § 1, p. 178.) Health and Safety Code section 11362.1 was added by Proposition 64.[2]  (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.)  Subject to specified statutory exceptions, section 11362.1, subdivision (a) (section 11362.1(a)) declares it "lawful under state and local law . . . for persons 21 years of age or older to" "[p]ossess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any

---

[1] The Voter Information Guide cited in this opinion is available at the website of the California Secretary of State. (<https://vig.cdn.sos.ca.gov/2016/general/en/pdf/complete-vig.pdf> [as of Jan. 26, 2021], archived at:  <http://perma.cc/W23J-DV8X>.)

[2] All further statutory references are to the Health and Safety Code unless otherwise stated.

compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis."

Section 11361.8, which was also added by Proposition 64 (Voter Information Guide, *supra*, text of Prop. 64, § 8.7, pp. 207-208), establishes a postjudgment procedure for filing a petition "for recall or dismissal of sentence . . . to request resentencing or dismissal" when "[a] person currently serving a sentence for a conviction . . . would not have been guilty of an offense, or . . . would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense."[3]  (§ 11361.8, subd. (a) [§ 11361.8(a)].)

Pursuant to section 11361.8, Joel Wilbarn filed a petition seeking to dismiss a conviction of possession of a controlled substance in prison (Pen. Code, § 4573.6).  Penal Code section 4573.6 makes unauthorized possession of a controlled substance, "the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code," in prison—among other custodial settings—a felony.[4]  The trial court denied the petition.

---

[3] Upon receiving such a petition, the court must "presume the petitioner satisfies the criteria in [section 11361.8(a)] unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria." (§ 11361.8, subd. (b).)  If there is not an adequate showing that the petitioner does not satisfy that criteria, the court must "grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid*.)  Section 11361.8 also permits "[a] person who has completed his or her sentence for a conviction under [s]ections 11357, 11358, 11359, and 11360 . . . , who would not have been guilty of an offense or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense, [to] file an application . . . to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with [s]ections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8, subd. (e).)

[4] All further references to Division 10 are to Division 10 of the Health and Safety Code.  Division 10 is known as the Uniform Controlled Substances Act.  (§ 11000)

The California Courts of Appeal have split on the issue of whether after Proposition 64, possession of 28.5 grams or less of marijuana or cannabis in prison or jail is unlawful under Penal Code section 4573.6. (Compare *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), review denied June 12, 2019, S255148, *People v. Whalum* (2020) 50 Cal.App.5th 1 (*Whalum*), review granted Aug. 12, 2020, S262935, and *People v. Herrera* (2020) 52 Cal.App.5th 982 (*Herrera*), review granted Oct. 14, 2020, S264339, with *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted Aug. 21, 2019, S256978.) The California Supreme Court has granted review of several of these cases so that it may resolve the issue.[5]

On appeal, Wilbarn argues that *Perry* was "wrongly decided" and that contrary to the *Perry* decision, the plain statutory language of "the relevant statutes" establishes that possession of marijuana in prison "does not violate" section 11362.45, subdivision (d) (11362.45(d)). He maintains that the "plain language" of section 11362.45(d), which states an exception to the declaration of lawfulness in section 11362.1(a), "applies only to ingesting or smoking marijuana in prison."

In *Raybon*, the Third District Court of Appeal held that section 11362.45(d) plainly did not encompass laws governing possession (*Raybon*, *supra*, 36 Cal.App.5th at p. 122, review granted) and that accordingly, under "the plain language" of section 11362.1(a), "possession of less than an ounce of cannabis in prison is no longer a felony." (*Raybon*, at p. 113.)

Consistent with our recent decision in *People v. Taylor* (2021) ___ Cal.App.5th ___ (*Taylor*), this court again concludes that the phrase "[l]aws pertaining to

_____

[5] The California Supreme Court has indicated that *Raybon* "presents the following issue: Did Proposition 64 [the 'Adult Use of Marijuana Act'] decriminalize the possession of up to 28.5 grams of marijuana by adults 21 years of age or older who are in state prison as well as those not in prison?" In *Whalum*, S262935, and in *Herrera*, S264339, the Supreme Court ordered briefing deferred pending its decision in *Raybon*, S256978.

smoking or ingesting cannabis or cannabis products" in section 11362.45(d) encompasses laws that govern possession of cannabis.  Consequently, although section 11362.1(a) partially decriminalizes possession of cannabis, "[s]ection 11362.1 does not amend, repeal, affect, restrict, or preempt" (§ 11362.45) laws governing the possession of cannabis "on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."  (§ 11362.45(d).)  Accordingly, Wilbarn was not eligible for relief under section 11361.8.

We affirm the order denying Wilbarn's petition pursuant to section 11361.8.

I

*Procedural History*

A criminal complaint filed on August 31, 2010 alleged in count 1 that on or about August 28, 2010, Wilbarn committed the crime of possession of a controlled substance in prison in violation of Penal Code section 4573.6 by willfully, unlawfully, and knowingly possessing marijuana while in Salinas Valley State Prison.  The complaint also alleged that Wilbarn had a prior conviction—carjacking in violation Penal Code section 215— within the meaning of Penal Code section 1170.12.

On September 8, 2010, Wilbarn pleaded no contest to the charge of possession of a controlled substance in prison.[6]  Wilbarn admitted the Three Strikes allegation that he had a prior conviction within the meaning of Penal Code section 1170.12.  The trial court sentenced Wilbarn to a four-year term—a two-year term that was doubled pursuant to Penal Code section 1170.12, subdivision (c)(1)—and ordered the term to be served consecutive to the sentence that Wilbarn was then serving.

---

[6] Nothing in the record of conviction that is part of the appellate record reflects the amount of marijuana involved.

On August 29, 2019, Wilbarn filed a petition for resentencing or dismissal pursuant to section 11361.8. On September 11, 2019, counsel for Wilbarn filed a notice of motion and motion pursuant to section 11361.8 and supporting points and authorities. Counsel urged the trial court to follow *Raybon* because the decision "adhere[d] to the plain language of the relevant statutes."

The People opposed the petition, citing *Perry*, *supra*, 32 Cal.App.5th 885. *Perry* held that Proposition 64 "did not remove possession of marijuana in prison from the reach of Penal Code section 4573.6, the statute under which appellant [Perry] was convicted." (*Perry*, *supra*, 32 Cal.App.5th at p. 887.) The People argued in their opposition papers that the holding in *Perry* controlled because the Supreme Court had granted review in *Raybon* but not in *Perry*. They did not assert that Wilbarn had possessed more than 28.5 grams of marijuana in prison.

A hearing on Wilbarn's petition was held on November 7, 2019. The trial court denied the petition. A notice of appeal was filed on November 7, 2019.

II

*Discussion*

A. *Statutory Construction*

This case presents a question of statutory construction or interpretation. "Statutory interpretation is a question of law that we review de novo. [Citation.]" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) We are asked again to consider the proper construction of section 11362.45(d).

" 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal

5

interpretation would result in absurd consequences [that] the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381.)

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.]" (*People v. Park* (2013) 56 Cal.4th 782, 796.) " 'Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' (*In re Littlefield* (1993) 5 Cal.4th 122, 130.)" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

We turn now to Proposition 64 and the parties' competing statutory constructions of section 11362.45(d).

B. *Proposition 64*

Section 11362.1 was added by Proposition 64. (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.) Former section 11362.1, as added by Proposition 64, made it largely *lawful* under state and local law for persons 21 years of age or older to "[p]ossess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever" (1) "not more than 28.5 grams of marijuana not in the form of concentrated cannabis" and (2) "not more than eight grams of marijuana in the form of concentrated cannabis, including as contained in marijuana

6

products."[7]  (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.)  A 2017 amendment of section 11362.1 replaced the word "marijuana" with the word "cannabis."[8]  (Stats. 2017, ch. 27, § 129, eff. June 27, 2017.)

Section 11362.1(a) does not make it universally lawful for a person 21 years of age or older to possess 28.5 grams or less of cannabis.  Section 11362.1(a) begins: "Subject to [s]ections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law . . . ."  Importantly, the mere existence of a statutory exception to section 11362.1's general declaration of lawfulness does not by itself create a criminal offense subject to statutorily prescribed punishment.

---

[7] Section 11362.1(a), as added by Proposition 64, made it lawful under state and local law, subject to exceptions, for "persons 21 years of age or older to: [¶] (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis; [¶] (2) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than eight grams of cannabis in the form of concentrated cannabis, including as contained in cannabis products; [¶] (3) Possess, plant, cultivate, harvest, dry, or process not more than six living marijuana plants and possess the marijuana produced by the plants; [¶] (4) Smoke or ingest marijuana or marijuana products; and [¶] (5) Possess, transport, purchase, obtain, use, manufacture, or give away marijuana accessories to persons 21 years of age or older without any compensation whatsoever."  (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.)

[8] Section 11018 now defines "cannabis" to mean "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin."  The definition "does not include either of the following: [¶]  (a) Industrial hemp, as defined in [s]ection 11018.5.  [¶] (b) The weight of any other ingredient combined with cannabis to prepare topical or oral administrations, food, drink, or other product."  (§ 11018.)  Former section 11018, as amended by Proposition 64, defined "marijuana."  (Voter Information Guide, *supra*, text of Prop. 64, § 4.1, p. 180.)  In 2010, when Wilbarn committed the crime of which he was convicted, section 11018 defined "marijuana" as "cannabis" is now defined, but the exceptions to the basic definition were different.  (See Stats. 1972, ch. 1407, § 3, p. 2989.)

7

" 'The statutory phrase "notwithstanding any other provision of law" has been called a " 'term of art' " [citation] that declares the legislative intent to override all *contrary* law.' [Citation.]" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 983.) Accordingly, the prefatory phrase "notwithstanding any other provision of law" has a broad sweep. But it renders inapplicable "only those provisions of law that conflict with the act's provisions" (*ibid*.) and not "every provision of law." (*Ibid*.) Moreover, the "notwithstanding any other provision of law" proviso in section 11362.1 is expressly limited by the stated exceptions. Accordingly, section 11362.45(d), one of the provisions to which section 11362.1(a) is subject, necessarily overrides its "notwithstanding any other provision of law" language.

Section 11362.45 was also added by Proposition 64. (Voter Information Guide, *supra*, text of Prop. 64, § 4.8, p. 182.) Section 11362.45(d), as enacted, made clear that "[n]othing in [s]ection 11362.1 shall be construed or interpreted to *amend, repeal, affect, restrict, or preempt*: [¶] . . . [¶] . . . [*l*]*aws pertaining to smoking or ingesting marijuana or marijuana products* on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in [s]ection 4573 of the Penal Code." (Voter Information Guide, *supra*, text of Prop. 64, § 4.8, p. 182, italics added.) In 2017, section 11362.45 was amended to refer to "cannabis" and "cannabis products" instead of "marijuana" and "marijuana products." (Stats. 2017, ch. 27, § 133, eff. June 27, 2017.)

Wilbarn recognizes that section 11362.45(d) is an exception to section 11362.1(a). Wilbarn frames the issue as whether the crime of which he was convicted, which he describes as possession of less than 28.5 grams of marijuana, remains unlawful pursuant to section 11362.45(d). Wilbarn insists that the only issue is the scope of section 11362.45(d) and that "the plain language of [section 11362.45(d)] must be interpreted to exclude possession of marijuana." He maintains that the "plain language"

8

of section 11362.45(d) "leads to the inevitable conclusion that possession of marijuana in prison is no longer criminal, while smoking or ingesting marijuana in prison remains a felony." Wilbarn insists that "*Perry* was wrongly decided because it re-wrote section 11362.45" by inserting the word "possession" into its subdivision (d).

In support of his "plain meaning" argument, Wilbarn points out that section 11362.1(a) separately uses the word "possess" and the phrase "smoke or ingest." (See *ante*, fn. 7.) He maintains that this language establishes that "the drafters of Proposition 64 knew how to differentiate between possession and ingestion and applied this distinction in [section 11362.45(d)]."

In his reply brief, Wilbarn contends that "the import" of *People v. Fenton* (1993) 20 Cal.App.4th 965 (*Fenton*) is that an appellate court "must follow the plain meaning of a statute when such meaning is clear." He asserts that "[h]ere, the plain meaning of [section 11362.45(d)] is clear and this court must follow it."[9]

The People argue that "[t]he text of [section 11362.45(d)] is dispositive." Focusing on the phrase "[l]aws pertaining to smoking or ingesting cannabis or cannabis products," they assert that given the broad definition of the word "pertain," "it is reasonable to assume that voters intended to save not only laws focused narrowly on prohibiting smoking or ingesting cannabis in custodial institutions, but also laws that relate to, are concerned with, or are adjunct to such activity." They argue that the language of section 11362.45(d) is a "savings clause," which "establish[es] that the voters did not intend to repeal or otherwise affect contraband laws prohibiting the possession of

---

[9] Recently, in *Taylor*, *supra*, ___ Cal.App.5th ___, this court concluded that in *Fenton*, *supra*, 20 Cal.App.4th 965, the Third District incorrectly construed Penal Code section 4573. (*Taylor*, at p. ___.) This court determined that under Penal Code section 4573.6, cannabis is a controlled substance, the possession of which is prohibited by Division 10. (*Taylor*, at pp. ___-___.)

cannabis in prison."[10]  The People further assert that Penal Code "[s]ection 4573.6 and the other contraband statutes are well within the broad language of the savings clause [in section 11362.45(d)]."

Citing *Perry*, *supra*, 32 Cal.App.5th 885, the People suggest that "there is little purpose for possessing 28.5 grams or less of cannabis in a custodial institution other than for someone in that institution ultimately to smoke or ingest it."  The People reason that "if the voters meant to limit [section 11362.45(d)] to laws that are focused narrowly on smoking or ingesting, one would expect the exception to cover '[l]aws prohibiting smoking or ingesting marijuana' in the custodial context, rather than laws 'pertaining to' the same."  They maintain that "the only way to make the savings clause [of section 11362.45(d)] effectual is to construe it as saving laws predating Proposition 64 that relate to cannabis use in prison, as section 4573.6 and other contraband statutes do."

The People ask us to consider related statutes (see Pen. Code, §§ 4573, 4573.5, 4573.6, 4573.8, 4573.9; Welf. & Inst. Code, §§ 871.5, 1001.5) that are aimed at controlling contraband—including controlled substances or drugs—in prisons or other custodial settings.  They argue that the prohibitions in these statutory provisions " 'pertain to' smoking or ingesting cannabis in a custodial institution[] because they are all part of the prophylactic approach of interdicting cannabis, [and] thereby preventing its use."

The People point out that "the analyses [of] Proposition 64 [in the Voter Information Guide] . . . did not mention the contraband statutes or suggest that [the proposition] would amend or repeal them."  They argue that therefore "[t]he most careful of voters would have had no reason to believe that Proposition 64 would alter the comprehensive statutory scheme addressing cannabis and other controlled substances as

_____

[10] On appeal, the People do not dispute that the marijuana possessed by Wilbarn in violation of Penal Code section 4573.6 meets the current definition of "cannabis."  (See § 11018; *ante*, fn. 8.)

10

contraband in custodial institutions." The People claim that the "ballot materials" for the proposition "confirm that the voters did not intend to legalize the possession of cannabis in custodial institutions." The People suggest that their assessment of voters' intent is bolstered by the fact that Penal Code section 4573.6 is not one of the specific statutory provisions, in accordance with which a person "may petition for a recall or dismissal of sentence . . . to request resentencing or dismissal" (§ 11361.8(a)).

The People further contend that construing section 11362.45(d) "as preserving [Penal Code] section 4573.6 and the other contraband statutes" avoids the "unreasonable and unintended consequences" of a contrary construction making it lawful to possess 28.5 grams or less of cannabis in custodial settings. The People reiterate their claim that such consequences "were not disclosed to, or intended by, those who voted in favor of Proposition 64."

This court remains convinced that the analysis recently articulated in *Taylor*, *supra*, ___ Cal.App.5th ___ is correct. We adopt that reasoning here.

Wilborn's argument and the analysis of the Third District in *Raybon* fail to account for differences in the language used in various subdivisions of section 11362.45, such as the use of the phrase "[l]aws making it unlawful to" in subdivision (a) and the use of the phrase "[l]aws prohibiting" in subdivisions (b) and (c).[11] We continue to adhere to the previous conclusion of this court that "[t]he use of the phrase 'pertaining to' in subdivision (d) [of section 11362.45], in contrast to the language used in subdivisions (a)

---

[11] Section 11362.45 provides in part: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] (a) Laws making it unlawful to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products, including, but not limited to, subdivision (e) of Section 23152 of the Vehicle Code, or the penalties prescribed for violating those laws. [¶] (b) Laws prohibiting the sale, administering, furnishing, or giving away of cannabis, cannabis products, or cannabis accessories, or the offering to sell, administer, furnish, or give away cannabis, cannabis products, or cannabis accessories to a person younger than 21 years of age. [¶] (c) Laws prohibiting a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1."

through (c) [of that section], indicates an intent to carve out laws beyond those that only make unlawful or only prohibit the smoking or ingesting of cannabis.  [Citations.]" (*Herrera*, *supra*, 52 Cal.App.5th at p. 992.)

We agree with the other cases finding that the phrase "pertaining to" in section 11362.45(d) has a wide scope.  (See *Herrera*, *supra*, 52 Cal.App.5th at p. 991, review granted; *Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12, review granted; *Perry*, *supra*, 32 Cal.App.5th at p. 891.)  The word "pertain" has been broadly defined to mean "to have some connection with or relation to something:  have reference:  relate." (Merriam-Webster Unabridged Dict. <https://unabridged.merriam-webster.com/unabridged/pertain> [as of Jan. 26, 2021], archived at: <http://perma.cc/7AMQ-ZVU2>.)  We concur with the *Perry* court, which stated: "While section [11362.45(d)] does not expressly refer to 'possession,' its application to possession is implied by its broad wording—'[l]aws pertaining to smoking or ingesting cannabis.'  Definitions of the term 'pertain' demonstrate its wide reach:  It means 'to belong as an attribute, feature, or function (<merriam-webster.com/dictionary/pertain> [as of Feb. 28, 2019]), 'to have reference or relation; relate' (<dictionary.com/browse/pertain?s=1> [as of Feb. 28, 2019]), '[b]e appropriate, related, or applicable to' (<en.oxforddictionaries.com/definition/pertain> [as of Feb. 28, 2019] ). We would be hard pressed to conclude that possession of cannabis is unrelated to smoking or ingesting the substance."  (*Perry*, *supra*, 32 Cal.App.5th at p. 891.)  As the *Perry* court observed, "[i]n the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting.  For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?"  (*Id*. at p. 892.)

In *Perry*, the First District Court of Appeal found that "Proposition 64, in sections 11362.1 and 11362.45, was intended to maintain the status quo with respect to the legal status of cannabis in prison."  (*Perry*, *supra*, 32 Cal.App.5th at p. 893.)  It

determined that "a conclusion that [D]ivision 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions. (§ 11362.45, subd. (d).)" (*Id*. at p. 894.) We agree.

Following Proposition 64, smoking or ingesting cannabis remains unlawful in many locations in California. (See, e.g., §§ 11362.3, subds. (a)(1) ["in a public place, except in accordance with [s]ection 26200 of the Business and Professions Code"], (a)(2) ["where smoking tobacco is prohibited"], (a)(3) [with specified exceptions, "within 1,000 feet of a school, day care center, or youth center while children are present"], (a)(5) ["in or upon the grounds of a school, day care center, or youth center while children are present"], 11362.4, subds. (a), (b), (c) [penalties for certain conduct described in section 11362.3, subd. (a)]; see also § 11357, subd. (c).) In addition, the declaration of lawfulness in section 11362.1 "does not permit any person to: [¶] . . . [¶] . . . [s]moke or ingest cannabis or cannabis products while driving, operating a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation; [or to] [¶] . . . [s]moke or ingest cannabis or cannabis products while riding in the passenger seat or compartment of a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation [with a specified exception]." (§ 11362.3, subd. (a)(7), (a)(8).) Under legislation passed in 2017, smoking or ingesting marijuana while driving or riding as a passenger in a motor vehicle on highways or specified lands is punishable as an infraction. (Veh. Code, §§ 23220, 23221.)

However, nothing in the laws enacted or amended by Proposition 64 makes smoking or ingesting marijuana or cannabis in prison or other custodial settings subject to punishment. Further, nothing in Penal Code sections 4573 to 4573.9—or Welfare and Institutions Code sections 871.5 and 1001.5—which were not amended by

Proposition 64, makes it a crime, subject to punishment, to smoke or ingest cannabis or marijuana in prison or other custodial settings. Significantly, section 11362.45(d) does not establish a new offense subject to punishment. Rather, section 11362.45 establishes that "[s]ection 11362.1 does not amend, repeal, affect, restrict, or preempt" certain types of laws.

" 'Statutes must be interpreted, if possible, to give each word some operative effect.' [Citation.] 'We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous.' [Citation.]" (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 390.) Wilbarn's proposed construction of section 11362.45(d) would leave the provision without any operative effect. Therefore, it should be rejected because there is a contrary reasonable construction that gives that provision effect.

In *Whalum*, the Fourth District Court of Appeal concluded that the crime of violating Penal Code section 4573.8[12] (unauthorized possession of drugs, related paraphernalia, or alcoholic beverages in prison, jail, and other specified custodial settings) was "not affected by Proposition 64" and that "the trial court properly determined that Whalum was not entitled to relief [pursuant to section 11361.8]."

---

[12] Penal Code section 4573.8 states in pertinent part: "Any person who knowingly has in his or her possession in any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any place where prisoners of the state are located under the custody of prison officials, officers, or employees, or in any county, city and county, or city jail, road camp, farm, or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any jail, road camp, farm, place, or institution, drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm, or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place, is guilty of a felony."

(*Whalum*, *supra*, 50 Cal.App.5th at p. 3.)  The court reasoned:  "[L]ong before Proposition 64 was adopted, case law recognized that although 'the ultimate evil with which the Legislature was concerned was drug use by prisoners,' the Legislature ' "chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails." ' [Citation.]  Thus, even though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a law 'pertaining to smoking or ingesting cannabis' in such a setting, as it is part of [a] prophylactic approach to prevent prisoners from *using* drugs."  (*Id*. at p. 12, fn. omitted.)  The court found:  "[I]t does not strain the meaning of 'pertaining to' for someone to say that a law criminalizing the possession of cannabis is a law 'pertaining to' the smoking or ingestion of cannabis, as one has a causal relationship to the other.  Specifically, it is necessary to possess cannabis in order to smoke or ingest it, and cannabis is usually possessed in prison because someone wants to use it."  (*Id*. at p. 12, fn. 8.)

In *Herrera*, a direct appeal from a judgment, this court concluded that "[the] defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail."  (*Herrera*, *supra*, 52 Cal.App.5th at p. 985.)  This court determined that "Proposition 64 did not decriminalize the possession of cannabis in a penal institution" (*ibid.*) and that the "defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail" after Proposition 64.  (*Herrera*, *supra*, 52 Cal.App.5th at p. 987.)  Agreeing with the analysis in *Perry*, this court observed that "in order for section 11362.45(d), which carves out " '[l]aws pertaining to smoking or ingesting" cannabis in prison or jail, to have *any* meaning in view of the preexisting statutory scheme, section 11362.45(d) must be construed as having a broader application than to just a law that expressly prohibits the smoking or ingesting of cannabis in prison or jail, as no such law exists.' "  (*Id*. at p. 992.)  We continue to adhere to that view.

15

Nothing in the legislative history undermines our construction of section 11362.45(d). As the *Perry* court observed: "The Voter Guide did not in any way address the subject of cannabis possession or use in prison." (*Perry*, *supra*, 32 Cal.App.5th at p. 895; see Voter Information Guide, *supra*, analysis of Prop. 64 by the Legislative Analyst, pp. 9-97; *id*., argument in favor of Prop. 64 and rebuttal to the argument in favor of Prop. 64, p. 98; *id*., argument against Prop. 64 and rebuttal to the argument against Prop. 64, p. 99.)

Wilbarn was not eligible for relief pursuant to section 11361.8.

## DISPOSITION

The order denying the petition brought pursuant to section 11361.8 is affirmed.

16

_____

ELIA, ACTING P.J.

WE CONCUR:



_____

BAMATTRE-MANOUKIAN, J.




_____

DANNER, J.




*People v. Wilbarn*
H047537